STATE of Missouri, Plaintiff-Respondent,

v.

David FRAZIER, Defendant-Appellant.

No. 10973.

Missouri Court of Appeals, Southern District, Division Three.

Sept. 18, 1979.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Lawrence H. Rost, New Madrid, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of murder in the first degree. Section 559.007, RSMo 1969. He was sentenced to life imprisonment.

Defendant was charged in connection with the death of Ira Smith, from an incident occurring on April 22, 1977, in Tallapoosa, New Madrid County, Missouri. He and two others were arrested in Alice, Texas on April 23, 1977. At approximately 10:00 p. m. on April 26th, he was questioned by the sheriff of New Madrid County, in the jail in Alice, and signed a written statement implicating himself in Mr. Smith's death.

Defendant contends on appeal that the trial court erred in overruling his motion to suppress that statement because the State failed to show that he knowingly and intelligently waived his privilege against self-incrimination and his right to appointed counsel. Defendant contends that he did not understand the rights read to him, and did not intelligently and knowingly waive his right to remain silent and to receive appointed counsel.

The confession was reduced to writing by a Texas police officer on a form. On the top half of the first page is printed the information required to be given before questioning. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Both pages of the statement were signed by defendant. Pertinent facts from the statement are recited in the balance of this paragraph. Defendant was staying in Peach Orchard, Missouri, with Jim Garrett, when Garrett asked him if he wanted to go to McAllen, Texas. Defendant asked Garrett where he was going to get enough money to go and Garrett said he knew where there was an old man that they could "knock on the head". They went to Tallapoosa, parked down the street, and started walking toward Smith's place. Defendant told Garrett "that old man knows me and we're going to get caught." Garrett then told defendant, "he knows me too." They went back to the car and rode around for an hour or an hour and a half and then Garrett said, "let's go back and hit him on the head anyway." They went back and Garrett told Mr. Smith they wanted to buy some car tires and Smith took them to a shed where the tires were kept. Garrett told defendant to "hit him", and defendant picked up a piece of iron and hit Mr. Smith. Garrett took some money from Mr. Smith and they returned to the car where Connie [defendant's sister] was waiting. He gave the money to her and she counted $519 in cash.

After the crime, they drove to Alice, Texas, and were arrested at a motel there. Garrett was convicted of the first degree murder of Mr. Smith and sentenced to life imprisonment. That conviction was affirmed by this court in *State v. Garrett*, 566 S.W.2d 516 (Mo.App.1978).

Defendant was 21 years of age when he gave the statement. He testified that he was in special education from the third to the eighth grade and quit school during the eighth grade. He said he could read "a little bit" and could understand "some things". He recalled the sheriff reading him his rights from a paper and said that it took about a minute. He remembered that he had a right to remain silent, but didn't recall being informed of any other rights. He was not mistreated in jail, and no threats or promises were made by any officials. The only threat that he received was

from a jail inmate. Jim Garrett had told the inmate to say he would kill defendant if defendant didn't sign a statement "to turn him [Jim] and Connie loose". When taken in custody by the sheriff's department in Alice, Texas, they advised him of his "Miranda rights". At the hearing on his motion he read the statement, which took him about two-and-a-half to three minutes. He said the only part not true was where it said that he struck the victim. Defendant said that Jim had actually struck Mr. Smith. Defendant stated that he did not read the statement before signing it.

The New Madrid County sheriff testified that he read defendant the "Miranda warning", and following the reading, defendant said he understood it. Defendant did not ask any questions about the warning. The sheriff testified that no promises, threats, or coercion were used and defendant voluntarily gave the written statement. The sheriff was satisfied that defendant understood the warning. The sheriff said defendant did not have any complaints of his treatment while being held in jail in Alice. The trial court found that the State had sustained its burden of proof and overruled the motion to suppress.

 The burden is upon the State to show that the defendant was effectively advised of his rights, and intelligently and understandably waived them. *State v. Alewine*, 474 S.W.2d 848, 851 (Mo.1971). Voluntariness of the confession is for the State to prove by a preponderance of the evidence. *State v. Olds*, 569 S.W.2d 745, 751 (Mo. banc 1978); *State v. Curry*, 578 S.W.2d 283, 285 (Mo.App.1979).

 The trial court did not have to believe defendant's self-serving statements. *State v. Curry*, supra, 578 S.W.2d at 285;

*State v. James*, 562 S.W.2d 185, 187 (Mo. App.1978). That defendant may have been of low mentality does not render the confession inadmissible. It is merely one factor, although a significant one, which bears upon the question of voluntariness. *State v. Hyster*, 504 S.W.2d 90, 95 (Mo.1974). The trial judge was able to observe defendant in the courtroom while testifying, and while reading the statement. The judge was in a better position than we to determine defendant's mental capacity and his ability to read, understand, and comprehend. The trial court found that the statement was voluntarily given, and the State had met its burden of proof for the statement to be introduced into evidence. Credibility of the witnesses is for the trial court to determine. *State v. Alewine*, supra, 474 S.W.2d at 852. Where evidence is conflicting, the admissibility of a confession is in the discretion of the trial court. *State v. James*, supra, 562 S.W.2d at 187. The evidence was sufficient for the trial court to find that the State met its burden of proof regarding the confession.

An examination of the record shows that no error, plain or otherwise, occurred which affected defendant's substantial rights.

Respondent's motion to dismiss the appeal, which was taken with the case, is overruled.

The judgment is affirmed.

All concur.