**Floyd MERRITT, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 45169.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 5, 1983.

Scott Richardson, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of second degree murder, a violation of § 559.020, RSMo. 1969, and was sentenced under the Second Offender Act to a term of twenty five years with the Department of Corrections. On appeal, this court affirmed the conviction. *State v. Merritt*, 540 S.W.2d 183 (Mo.App. 1976).

Movant filed a pro se 27.26 motion. Counsel was appointed and a supplemental motion was filed in which movant alleged nine grounds for vacating his sentence and conviction. The trial judge filed findings of fact and conclusions of law and denied the motion. On appeal, movant asserts that two allegations in his 27.26 motion entitled him to an evidentiary hearing. In order to be entitled to an evidentiary hearing, movant must allege: 1) facts, not conclusions, warranting relief; 2) those facts must not be refuted by the record; and 3) the matters complained of must have resulted in prejudice. *Kearns v. State*, 583 S.W.2d 748, 750 (Mo.App.1979).

In the original appeal of his murder conviction, the sole issue raised was "that the trial court erred in failing to submit an excusable homicide instruction." *Merritt*, 540 S.W.2d at 184. This court held that submission of an excusable homicide instruction was not warranted under the circumstances of the case, either as that defense was defined by statute or common law.

In his 27.26 motion, movant alleges he was denied effective assistance of counsel because counsel "allowed Movant to take the stand and ... offer a defense [excusable homicide] that was not available under the laws of the State of Missouri." Now, on appeal, movant contends that trial

counsel was ineffective because of his "failure to submit an excusable homicide instruction." This is not the ground that was raised below in the trial court. This variance between movant's motion and his contention on this appeal preserves nothing for review. *Plant v. State,* 547 S.W.2d 835, 836 (Mo.App.1977). The ground for relief raised in movant's motion and denied by the trial court was not briefed in this appeal and is deemed abandoned. *Crow v. State,* 514 S.W.2d 13, 14 (Mo.App.1974).

■ Moreover, movant's contention on this appeal is exactly the point he raised in the earlier appeal. Movant cannot obtain another review of the same issue by means of a motion under Rule 27.26. *Thomas v. State,* 628 S.W.2d 922, 923 (Mo.App.1982).

■ In movant's second point, he asserts he was entitled to an evidentiary hearing because his pro se motion alleged ineffective assistance of counsel for failure to interview and call defense witnesses. To establish ineffectiveness of counsel where counsel does not interview or produce certain witnesses, it must be shown that the testimony would have proved helpful to the movant. *Mullen v. State,* 638 S.W.2d 304, 305 (Mo.App.1982). While the movant identifies the witnesses' names, he has failed to set forth the substance of their testimony. Without that information, movant's motion does not allege sufficient facts entitling him to an evidentiary hearing. *See Mullen,* 638 S.W.2d at 305.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.