**Frederick Joseph DAVIS, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 46171.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Henry Robertson, Asst. Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury in 1973 of murder first degree and assault with intent to kill with malice aforethought. He was sentenced to concurrent terms of life imprisonment. This court affirmed his conviction in *State v. Davis,* 516 S.W.2d 784 (Mo.App.1974).

The evidence at trial established that movant entered a restaurant/lounge and shot the deceased, Samuel Gipson, three times. The deceased's brother then intervened, was shot twice, and collapsed after striking movant's face. Movant then fled. Two customers, as well as deceased's brother, identified movant. Movant presented an alibi defense and attributed his bruised face to an assault suffered the night of the crime but some distance away.

In his 27.26 motion, movant asserts inadequate assistance of counsel by failure to call a certain witness or to request instructions on lesser included offenses. To prevail, movant must show: (1) that counsel failed to perform some duty; and (2) that the failure actually prejudiced his defense. *Montgomery v. State,* 631 S.W.2d 671, 672 (Mo.App.1982). We have carefully reviewed the entire record and conclude that the court's findings and conclusions are not clearly erroneous. Rule 27.26(j).

To support his allegation of ineffective assistance, movant testified that he gave his attorney the name and address of Charles Harris, along with that of three other witnesses, but that only the other witnesses were called to testify. He would have this court believe that Harris was an eyewitness whose failure to testify severely prejudiced his case. We disagree.

Where a movant complains of his attorney's failure to call witnesses, he must allege and show that the witness' testimony would have provided a defense. *Robinson v. State,* 643 S.W.2d 8, 9 (Mo.App.1983). Harris testified at the evidentiary hearing that he did not witness the shooting. Rather, he was outside the restaurant at the time of the murder and assault. He did not see the movant, but spoke to another man who claimed to have "a little business to take care of inside" and who ran from the restaurant after the incident. This testimony could not have exonerated movant nor established his innocence. It does not establish that movant was not present in the restaurant, nor that he was not the assailant. *Robinson v. State,* 643 S.W.2d at 10. Its only value was to show that movant was not the man that Harris saw enter and leave. Accordingly, we find that such testimony was of little help to movant's case. *Montgomery v. State,* 631 S.W.2d 671, 672 (Mo.App.1982). Since the jury might well believe Harris that he did not see the movant, and yet find that the movant was present, we fail to see how the absence of this testimony was prejudicial. *Chapman v. State,* 564 S.W.2d 264, 265 (Mo.App.1978).

Furthermore, we note that at movant's evidentiary hearing he admitted that he realized during trial that Harris was not going to be called and made no complaint to his attorney. Thus, we find no grounds whatsoever for his present complaint that counsel was ineffective.

The movant also claims ineffective assistance by failure of counsel to request trial instructions on lesser included offenses. We agree with the judge who tried the original case; there was no evidence requiring an instruction on the lesser included offenses. In the absence of such evidence, there could be no ineffective assistance of counsel.

Lastly, we refuse to consider movant's claim that counsel was ineffective by failing to raise the issue of lesser included instructions on appeal. *Hemphill v. State,* 566 S.W.2d 200, 208 (Mo. banc 1978), addressed this specific issue, and concluded that relief from any failure to address a particular point on appeal must be sought in the appellate court of rendition through motion to recall the mandate. A Rule 27.26 motion is only appropriate where counsel allegedly abandons appeal. *Goff v. State,* 612 S.W.2d 900, 902 (Mo.App.1981).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.