**Ronnie WALKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49446.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 25, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Kenny C. Hulshof, Public Defender, Jackson, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant appeals the summary denial of his Rule 27.26 motion. Upon his guilty pleas to second degree robbery and burglary defendant was sentenced to consecutive ten and three year prison terms.

■ Defendant here challenges the summary denial of his motion. This on the ground the guilty plea record does not show he waived a jury trial and that "he was denied effective assistance of counsel." In response the state contends the

guilty plea record shows defendant's satisfaction with counsel and his plea was voluntary; that these facts precluded an evidentiary hearing on his motion. We agree.

Before sentence was imposed defendant and his counsel had moved in writing for leave to plead guilty; therein he acknowledged he knew the range of punishment was from 5 to 15 years for robbery and from 2 to 7 years for burglary.

Before accepting defendant's guilty plea the sentencing court conducted an exhaustive hearing covering 15 pages of transcript. Included were defendant's answer that he knew his punishment could be to consecutive terms for a total of up to 22 years in prison, as decided by the judge; that no prior promises had been made to defendant or his counsel. Also, defendant specifically waived his right to a jury trial.

In its conclusions of law the motion court found no promises had been made to either defendant or his attorney. Also that the motion court had "specifically stated to defendant, that he, the Judge, was free to sentence the Movant to the maximum consecutively. All of which the defendant freely and openly agreed to in open Court and on his petition to plead guilty."

Thus, we find defendant's appellate contentions are refuted by the guilty plea record and the court did not err in summarily denying his post-trial motion. *Merritt v. State*, 650 S.W.2d 21, 22 (Mo.App.1983).

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.