**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gary Lee HALL, Defendant-Appellant.**

**No. 13958.**

Missouri Court of Appeals, Southern District, Division Two.

July 1, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 22, 1985.

William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Mark V. Clark, Columbia, for defendant-appellant.

PREWITT, Chief Judge.

Defendant appeals from a conviction of first-degree robbery for which he was sentenced to 16 years' imprisonment. His contention on appeal is that the trial court erred in overruling his motion to suppress an alleged statement where he confessed to the crime.

Defendant contends that the statement was involuntarily given because the "Miranda" warning was not given until four hours after he was placed in custody; he was "secluded by one police officer"; several officers threatened and coerced him,

**890**

put a typewriter cover over his head, and subjected him to a "show-up".

The officers testified at a hearing on defendant's motion to suppress and denied those improprieties. Their version was that shortly after being taken into custody defendant made the statement after being advised of his rights and knowingly waiving them.

The trial judge found: "beyond a reasonable doubt that Exhibit Number 3, representing the statement signed by the defendant, Gary Hall, was voluntarily given by the defendant after his constitutional rights were read to him and after he had indicated he understood them; that said statement was voluntarily given; that he intelligently and understandingly waived his constitutional rights; that said statement was given without threats, coercion or promises. It is therefore admissible in evidence."

■ In reviewing a trial court's determination on a motion to suppress a confession, the weight of the evidence and credibility of witnesses are questions for the trial court's determination. *State v. Boggs*, 634 S.W.2d 447, 453 (Mo. banc 1982); *State v. Dixon*, 655 S.W.2d 547, 554 (Mo.App. 1983). The admission of a confession is a matter of discretion by the trial court not lightly to be disturbed on appeal. *State v. Dixon*, supra, 655 S.W.2d at 554; *State v. Frazier*, 587 S.W.2d 368, 370 (Mo.App. 1979). We are to affirm the trial court's finding if it is supported by substantial evidence. *State v. Boggs*, supra, 634 S.W.2d at 453.

■ The testimony of the police officers was contrary to that of defendant as to the circumstances of the statement and supported the trial court's order. Admitting the statement into evidence was not an abuse of discretion.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.