**Johnny PELHAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14147.**

Missouri Court of Appeals,
Southern District,
Division One.

July 18, 1986.

C.J. Larkin, Columbia, for appellant.

William L. Webster, Atty. Gen., Lee B. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Johnny Pelham appeals from the judgment denying, after evidentiary hearing, his Rule 27.26 [1] motion to set aside a

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

judgment and sentence for first degree assault, a Class B felony, § 565.050. Following a jury trial, movant was sentenced to a term of five years. The motion alleged that movant's trial counsel in the assault case, Stephen Carlton, rendered him ineffective assistance. On this appeal movant asserts that counsel was ineffective and that the trial court erred in ruling otherwise.

Movant makes four claims of counsel's ineffectiveness. They are: (1) Counsel failed to explain to movant his right of appeal and failed to prepare a motion for new trial; (2) Counsel failed to subpoena one Clark as a defense witness and failed to make a reasonable attempt to "contact Clark"; (3) Counsel failed to attack the sufficiency of the indictment "as being defective on its face"; and (4) Counsel failed to request that the court instruct the jury on "a lesser included offense of assault."

Appellate review of the trial court's order denying the motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). At the motion hearing movant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.-26(f).

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result

unreliable." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Only two witnesses testified at the hearing on the motion. Movant testified in his own behalf and trial counsel Carlton was called as a state's witness. With regard to claim 1, Carlton testified that he discussed with movant the fact that he had received the minimum sentence for a Class B felony and that if a new trial were obtained he would run the risk of receiving a higher sentence on retrial. Carlton also explained that the filing of a motion for new trial was a necessary step in perfecting an appeal. Following those discussions movant, on advice of counsel, decided not to file a motion for new trial and so informed the court at the time of sentencing.

■ The motion court found that movant "knowingly and understandingly waived his right to file a motion for new trial based upon his satisfaction with the minimum sentence received as a result of the jury verdict on a Class B felony." That finding is not "clearly erroneous" and in fact is fully supported by the record. Movant's first claim has no merit.

With regard to claim 2, movant did not produce witness Clark at the motion hearing. The only inkling of what Clark's testimony might have been is found in movant's testimony, at the motion hearing, to this effect: "Clark's brother told me that Clark overheard Dwaine Parrott, [the assault victim], state that he [Parrott] started the fight." Movant did not know Clark's first name. Movant testified that he told attorney Carlton that Clark was employed at the Greyhound Bus Depot at Joplin.

Carlton testified that he went to the bus station, spoke with an employee there, and attempted, without success, to locate Clark. The bus station employee told Carlton he did not know an employee of the bus station named Clark. Carlton telephoned all of the Clarks listed in the Joplin telephone book and asked if they were employed by

Greyhound. Those efforts were unproductive.

■ To support a charge of ineffective assistance of counsel in failing to secure the testimony of a defense witness, movant must "show how the testimony of the alleged key witness would have helped him" and "what the testimony would have been." *Ryder v. State,* 657 S.W.2d 64, 65[1] (Mo.App.1983). Movant "must allege and show that the witnesses' testimony would have provided a defense." *Robinson v. State,* 643 S.W.2d 8, 9[1] (Mo.App. 1982). To similar effect see *Charles v. State,* 570 S.W.2d 700, 702[3] (Mo.App. 1978).

■ The trial court found that Carlton "made every reasonable effort to locate the witness, Mr. Clark, based upon all the information available to him, and although unsuccessful was not ineffective because he failed to find the witness." That finding is not "clearly erroneous." Movant's brief on this appeal offers no explanation of why Clark was not produced by movant at the motion hearing. The trial court was not required to believe movant's double hearsay with regard to what Clark may have overheard the victim say. Movant's second claim has no merit.

With regard to claim 3, the indictment charged the defendant with violating § 565.050 [2] "in that on or about February 25, 1982, in the County of Jasper, State of Missouri, the defendant knowingly caused serious physical injury to one Dwaine Lee Parrott by striking him with a dangerous instrument...."

■ The "defect" in the indictment, argues movant, is that it "failed to explain what the dangerous instrument was." As applicable here, § 565.050 provided that a person commits the crime of assault in the first degree if "he knowingly causes a serious physical injury to another person." Section 565.050.2 provided, "Assault in the first degree is a class B felony unless committed by means of a deadly weapon or

dangerous instrument in which case it is a class A felony."

It should be observed that movant was convicted of "first degree assault, a Class B felony," which means the jury did not find that a dangerous instrument was used.

MACH–CR 19.02, a part of Missouri Approved Charges—Criminal approved by the Supreme Court on January 1, 1979, contained the form for an indictment charging assault in the first degree in violation of § 565.050. That form used the language, "dangerous instrument," and did not require specification of the instrument. Rule 23.01(b) sets forth the requirements for the contents of an indictment. Since the indictment complied with MACH–CR 19.02, it "shall be deemed to comply with the requirements of 23.01(b)." Rule 23.01(e).

The motion court properly found that the indictment was not defective. Movant's third claim has no merit.

With regard to claim 4, movant's "point relied on," in stating that claim, asserts that counsel was ineffective "in failing to request that the court instruct the jury on a lesser-included offense of assault." The point does not specify the "lesser-included offense." In his argument under that point, movant states, "The evidence presented in movant's case clearly supported submission of the offenses (sic) of second degree assault."

Movant's counsel, at the motion hearing, stated to the court "that the jury was not instructed on lesser included offenses (sic) of assault which are trespass." Movant's counsel made no mention of assault in the second degree. The trial court made the following finding: "Trespass is not a lesser included offense of first degree assault and counsel for [movant] was not ineffective in failing to request an instruction for a lesser included offense." That finding is not "clearly erroneous."

On the date of the instant offense, § 565.050 defined three different ways in which assault in the second degree could be committed. Movant did not introduce any

---

**2.** Section 565.050 was repealed and superseded in 1983, S.B. 276.

portion of the record of the assault trial showing the circumstances of the assault. In his brief movant fails to state which of the three types of assault in the second degree the jury properly could have found movant committed and fails to show a factual basis for such a finding.

Section 556.046.2 reads: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

Section 556.046.2 was discussed at length in *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982). There the court held, in an assault case, that where there was no basis in the evidence to acquit of assault in the first degree *and* convict of assault in the second degree, the trial court did not err in failing to give the second-degree assault instruction.

■ Movant's brief does not set forth any facts showing that there was a basis for a verdict acquitting defendant of assault in the first degree and convicting him of assault in the second degree. In the absence of such facts movant's trial counsel cannot be blamed for not requesting an instruction on assault in the second degree. See *Davis v. State*, 657 S.W.2d 677, 679[4] (Mo.App.1983).

Movant's brief states, "A defendant often makes a conscious choice not to submit a lesser-included offense, hoping to obtain acquittal rather than conviction on the lesser-grade offense." If that statement is regarded as a tacit admission that the failure to request an instruction on a lesser included offense was a matter of trial strategy, it forms an "inadequate basis for an attack on the competency of counsel." *Aikens v. State*, 549 S.W.2d 117, 121 (Mo. App.1977). See *Arnold v. State*, 632 S.W.2d 54, 55[2] (Mo.App.1982).

Movant's fourth claim has no merit. The judgment is affirmed.

GREENE, J., and HANNA, O'LEARY, PARRISH and PINNELL, Special Judges, concur.