**David Thomas FRAZIER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15015.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 9, 1987.

Seth G. Gausnell, Benton, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

David Thomas Frazier ("movant") appeals from a judgment denying his first amended motion per Rule 27.26, Missouri Rules of Criminal Procedure (17th ed. 1986), to vacate his conviction of murder in the first degree, for which he was sentenced to life imprisonment. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Frazier*, 587 S.W.2d 368 (Mo.App.1979).

The sole ground relied on by movant in the amended motion was that he received ineffective assistance of counsel at the jury trial. As explained more fully *infra*, movant's original motion to vacate, filed pro se, purported to allege five instances where counsel, henceforth referred to as "R_____," had been derelict. The amended motion to vacate, filed by an assistant public defender appointed to represent movant in the 27.26 proceeding, adopted by reference every allegation in movant's pro se motion and added other allegations of ineffective assistance.

The amended motion to vacate was denied by the circuit court, henceforth referred to as "the motion court," without an evidentiary hearing. The motion court's "Findings of Facts and Conclusions of Law" consisted of one paragraph. It read:

"After examination of the [movant's] Motion 27.26 the Court finds that the [movant] in paragraph 9 does not state facts which would allow relief for the [movant] pursuant to Rule 27.26. Alleged errors in the case as to questions of law have already gone to the Appeals Court and said appeal has been denied. This Court has no way to measure enthusiasm as requested by the [movant], and therefore, deny the [movant's] motion filed under 27.26."

The first of the two assignments of error briefed by movant avers that the motion court erred in denying the amended motion without an evidentiary hearing. According to movant, the amended motion pled facts which, if true, would entitle him to relief, and the records before the motion court did not conclusively show that movant was not entitled to relief.

In considering the point, we are mindful that our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Medley v. State*, 639 S.W.2d 401, 403[1] (Mo.App.1982); *Montgomery v. State*, 631 S.W.2d 671, 672 (Mo.App.1982); Rule 27.26(j).

We are also aware that the Supreme Court of Missouri has held that in order to prevail on a claim of ineffective assistance of counsel, a prisoner in a 27.26 proceeding must show that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances, and that the prisoner was prejudiced thereby. *Seales v. State,* 580 S.W.2d 733, 735–37[3] (Mo. banc 1979).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), decided after *Seales,* the Supreme Court of the United States held that the proper standard for attorney performance in a criminal case is that of reasonably effective assistance, and that when a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 687–88, 104 S.Ct. at 2064–65[6], 80 L.Ed.2d at 693[11]. However, added the Court, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment if the error had no effect on the judgment. 466 U.S. at 691, 104 S.Ct. at 2066[15], 80 L.Ed.2d at 696[20]. Thus, said the Court, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 466 U.S. at 694, 104 S.Ct. at 2068[19], 80 L.Ed.2d at 698[25].

In *State v. Chandler,* 698 S.W.2d 844, 848 n. 10 (Mo. banc 1985), decided after *Strickland,* the Supreme Court of Missouri discerned no significant difference between the test in *Seales* and the test in *Strickland.* Accordingly, we shall assume that *Seales* and *Strickland* are consentient.

■ To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *Mannon v. State,* 727 S.W.2d 936, 938[1] (Mo. App.1987); *Baker v. State,* 680 S.W.2d 278, 281[3] (Mo.App.1984); *Merritt v. State,* 650 S.W.2d 21, 22–23 (Mo.App.1983).

Guided by the above principles, we shall first examine each allegation of the pro se motion to determine whether such allegation warranted an evidentiary hearing. For convenience, we shall assign each allegation a number. We set forth each allegation exactly as movant penned it.

■ Allegation 1: "Movant will testify that his attorney failed to represent him properly and was ineffective due to the fact that movants attorney had previously withdrawn from defending movant and that when movant proceeded with his trial his attorney failed to provide a adequate motion to supress movants statement."

This allegation assails attorney R_____ in two respects. We shall consider each separately. As to the first, the record in the murder case shows that R_____, who had evidently represented movant from the time of the filing of the felony complaint to the time of the filing of the information, was relieved of that assignment at the time of movant's arraignment, and that simultaneously therewith the public defender was appointed to represent movant. Two weeks later, a motion by the public defender to withdraw as movant's counsel was sustained, and R_____ was "reappointed" to represent movant. The jury trial occurred some four and a half months later. Allegation 1 pleads no facts showing that R_____'s representation of movant at the jury trial was adversely affected by the circumstances just narrated.

The Supreme Court of Missouri has consistently held that a motion to vacate under Rule 27.26 which contains mere conclusional allegations and sets out no facts which, if true, would authorize relief does not warrant an evidentiary hearing. *State v. Lillibridge,* 399 S.W.2d 25, 28[2] (Mo.1966), *cert. denied,* 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551 (1966); *State v. Statler,* 383 S.W.2d 534, 537[2] (Mo.1964); *State v. Ninemires,* 306 S.W.2d 527, 530[8] (Mo.1957).

Applying *Lillibridge, Statler* and *Ninemires* to the first complaint in Allegation 1, we hold that such complaint required no evidentiary hearing.

The other complaint about R_____ set forth in Allegation 1 is that R_____ failed to file an "adequate motion" to suppress movant's statement.

Our opinion in the direct appeal explains that the trial court heard and denied a motion to suppress an incriminatory written statement made by movant to a law enforcement officer after movant's arrest. *Frazier,* 587 S.W.2d at 369. Our opinion recounts that movant contended he did not understand the rights read to him by the officer, and did not intelligently and knowingly waive his right to remain silent and to receive appointed counsel. *Id.*

It is clear from our opinion that movant testified in the trial court in support of the motion to suppress the incriminatory statement, and that the prosecution presented evidence supporting its admissibility. The trial court resolved the issue adversely to movant, and admitted the statement in evidence.

Allegation 1 pleads no facts demonstrating that the motion to suppress was not "adequate," or that R_____ failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances in assisting movant in regard to the motion to suppress. We therefore hold that the second complaint in Allegation 1, like the first, required no evidentiary hearing.

■ Allegation 2: "He furthermore failed to offer any evidence in behalf of movant and allowed certain statements from witnesses to be introduced and not strickened from the transcripts of the trial proceedings."

This allegation, like Allegation 1, consists of two charges of ineffective assistance. We shall discuss each seriatim.

The first complaint is that R_____ failed to offer any evidence on behalf of movant.

In *Davis v. State,* 657 S.W.2d 677 (Mo. App.1983), a prisoner claimed his counsel had rendered ineffective assistance by failing to call a certain witness. The opinion held that in order to obtain relief on that ground, a prisoner must allege and show that the witness' testimony would have provided a defense. *Id.* at 678[2].

In *Merritt,* 650 S.W.2d 21, a prisoner sought post-conviction relief on the ground that his counsel was ineffective in failing to interview and call certain witnesses. The motion to vacate named the witnesses, but neglected to allege what their testimony would have been. The circuit court denied relief without an evidentiary hearing. Affirming the circuit court, the appellate court held that by failing to allege the substance of the testimony the witnesses would have given, the prisoner had failed to plead facts entitling him to an evidentiary hearing. *Id.* at 23[5].

The first complaint in Allegation 2 fails to identify the evidence or witnesses that R_____ should have presented, it fails to allege that such evidence or witnesses were available, and it fails to describe what such evidence or witnesses would have shown. Applying *Davis* and *Merritt,* we hold that the first complaint of Allegation 2 pled no facts warranting an evidentiary hearing.

We reach the same result with respect to the second complaint in Allegation 2, which maintains that R_____ allowed "certain statements from witnesses to be introduced" and did not have them stricken from the transcript. Nowhere does Allegation 2 identify the offending statements or the witnesses.

In *Boyet v. State,* 671 S.W.2d 417 (Mo. App.1984), a prisoner seeking post-conviction relief alleged his trial attorney was ineffective for refusing to object "to hearsay testimony of allege telephone conversation." The circuit court denied relief without an evidentiary hearing. Holding that the prisoner had failed to meet the requirement of stating facts to substantiate his claim, the appellate court ruled no hearing was required on that allegation. *Id.* at 418[1]. Applying *Boyet,* we hold that the second complaint in Allegation 2 warranted no evidentiary hearing.

■ Allegation 3: "Also, he failed to object to hearsay evidence and totally failed to provide or even prepare a adequate defense for the movant but allowed movant to defend hisself [sic]."

This allegation, like Allegations 1 and 2, consists of two charges of ineffective assistance. What we have just said in regard to the second complaint in Allegation 2 applies with equal force to the first complaint in Allegation 3. No evidentiary hearing was warranted by the first complaint in Allegation 3.

■ As to the second complaint in Allegation 3, we note that in *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975), a prisoner sought post-conviction relief, alleging his counsel was ineffective in failing to investigate all possible defenses. Affirming the circuit court's denial of relief without an evidentiary hearing, the Supreme Court of Missouri held that the allegation was insufficient in that it failed to allege what defenses were available and likely would have been discovered if further investigation had been made. *Id.* at 411[2].[1]

In *State v. Washington*, 399 S.W.2d 109 (Mo.1966), a prisoner seeking post-conviction relief alleged, among other things, that his counsel "did not do very much" and "did not even thoroughly investigate the law, facts, and circumstances of the case." The circuit court denied relief without an evidentiary hearing. The Supreme Court of Missouri affirmed, holding that the allegations were insufficient to present an issue as to effective assistance of counsel. *Id.* at 112[8].

In *State v. Warren*, 321 S.W.2d 705 (Mo. 1959), a prisoner seeking post-conviction relief alleged, among other things, that his counsel did not attempt "to provide a defense," that counsel failed to protect every right of the prisoner, and that counsel abandoned the prisoner by failing to present evidence or testimony which would have established that the prisoner was not

guilty. The circuit court denied relief. The Supreme Court of Missouri affirmed, holding that the allegations were only conclusions, and were insufficient to afford a basis for relief. *Id.* at 709–10[5].

Applying *Smith*, *Washington* and *Warren* to the second complaint in Allegation 3, we hold that the averments therein were insufficient to require an evidentiary hearing.

Allegation 4: "Movant believes that if he would have been provided with adequate counsel he would have had a better chance to defend himself."

It is manifest from the authorities heretofore cited that Allegation 4 is wholly conclusional and states no facts. Allegation 4 clearly warranted no evidentiary hearing.

■ Allegation 5: "Both attorneys failed to establish a meaningful attorney-client relationship with movant and failed to consult with movant on matters concerning his trial. They failed to consult movant and clearly did not assist movant to understand trial procedure and obviously had no enthusiasm to properly defend movant."

Allegation 5 pleads not a single fact that would support a finding that R_____ and his predecessor "failed to establish a meaningful attorney-client relationship with movant," whatever that is. The allegation likewise supplies no hint as to the matters about which the attorneys failed to consult movant. Furthermore, the allegation fails to identify any aspect of "trial procedure" that movant failed to understand, and the allegation fails to explain how such ignorance hindered movant at his trial.

In *Clark v. State*, 690 S.W.2d 828 (Mo. App.1985), a prisoner seeking post-conviction relief after pleading guilty to sundry offenses alleged, among other things, that his counsel was unprepared to and did not desire to try the case, and therefore to induce the pleas, counsel threatened the prisoner with a 100–year sentence if he proceeded to trial. The circuit court denied

---

1. *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), overruled other aspects of *Smith*, but did not disturb *Smith's* holding that the allegation regarding counsel's failure to investigate all possible defenses was insufficient to warrant an evidentiary hearing.

relief without an evidentiary hearing. Affirming, the appellate court held the allegations of unpreparedness were patently conclusional, and that any reluctance by counsel to try the case was shown by the transcript of the plea hearing to have been shared by the prisoner by reason of the facts.

In the instant case, our opinion in the direct appeal sets forth the substance of movant's incriminatory written statement wherein movant narrated the circumstances of the homicide and told how he inflicted the fatal wound on the victim. *Frazier*, 587 S.W.2d at 369. Once the issue of admissibility of the statement was resolved adversely to movant, any absence of optimism by R_____ as to movant's prospects for acquittal is readily understood. Furthermore, as the motion court cryptically noted, it had no way to measure the "enthusiasm" of either counsel in representing movant. Allegation 5 pled no facts warranting an evidentiary hearing.

█ As recounted at the outset of this opinion, the attorney appointed to represent movant in the 27.26 proceeding filed an amended motion to vacate, adopting by reference the allegations in movant's pro se motion, all of which we have now considered. In addition, the amended motion set forth the following allegations:

"A. Movant's court appointed counsel failed to provide adequate representation when he failed to file Motion to Suppress, and other appropriate motions in Movant's case.

B. Movant's court appointed attorney did not conform to the care and skill of a reasonably competent lawyer in representing Movant, in that he did not inform Movant as to the status of the case, investigation of witnesses, and did not approach his duties with the enthusiam [sic] of a reasonably competent attorney.

C. Movant's court appointed attorney did not file any briefs or other memoranda of law, and thereby did not conform to the care and skill of a reasonably competent lawyer rendering similar services under existing circumstances."

The above allegations include several of those in the pro se motion, and are afflicted with the same infirmity. The only new complaints in the amended motion are that R_____ failed to file "other appropriate motions," and that R_____ neglected to "file any briefs or other memoranda of law." The record in the murder case shows that a pretrial application by movant for a change of venue from New Madrid County was granted, and the case was transferred to Mississippi County. The same record further shows that after the verdict R_____ filed a timely motion for a new trial, and after that motion was denied R_____ filed a timely notice of appeal. The amended motion is silent as to what other "appropriate motions" and what "briefs or other memoranda of law" R_____ should have filed.

It is evident from what we have said in regard to the pro se motion that none of the allegations in the amended motion warranted an evidentiary hearing.

█ In the argument portion of his brief, movant maintains he was nonetheless entitled to an evidentiary hearing by reason of paragraph "(e)" of Rule 27.26 which provides, in pertinent part:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held."

Movant insists that the files and records in the murder case and the instant proceeding failed to conclusively show he was entitled to no relief.

The argument evinces a procedural misconception. As emphasized earlier in this opinion, the first step in deciding whether an evidentiary hearing is required in a 27.26 proceeding on the issue of ineffectiveness of counsel is to determine whether the prisoner has pled facts, not conclusions, which if true would entitle him to relief. If the prisoner has failed to satisfy that requirement, it is unnecessary to examine the files and records to see whether they refute the prisoner's allegations, as there are no factual allegations to refute.

Finally, movant asserts in the argument portion of his brief that the motion court failed to comply with paragraph "(i)" of Rule 27.26 which provides, in pertinent part:

"The court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

Movant avers that the motion court's findings, quoted at the outset of this opinion, are insufficient in that they contain no specific findings of fact.

The argument is without merit. Inasmuch as none of the allegations in the pro se motion or the amended motion warranted an evidentiary hearing, there were no issues of fact for the motion court to resolve. The motion court held that movant had failed to plead any facts which would entitle him to relief. We agree with that ruling. Movant's first assignment of error is denied.

Movant's second, and final, assignment of error is that the motion court erred in compelling movant to meet the requirements of *Seales*, 580 S.W.2d 733, before an evidentiary hearing would be granted. Movant maintains that the test to determine whether an evidentiary hearing is warranted is set forth in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). *Fields* holds that an evidentiary hearing is required in a 27.26 proceeding unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. Rule 27.26(e).

The first flaw in movant's second point is that it is unsupported by the record. The motion court's findings make no mention of *Seales*. More importantly, however, we have explained in rejecting movant's first point that the initial step in deciding whether an evidentiary hearing is required in a 27.26 proceeding is to determine whether the prisoner has pled facts, not conclusions, which if true would entitle him to relief. If the prisoner has failed to plead any such facts, it is unnecessary to examine the files and records to see whether they refute the prisoner's allegations, as there are no allegations of fact to refute.

Movant's second assignment of error is denied, and the judgment of the motion court is affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.