**Mark Dewayne SHANZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15587.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Donald L. Clough, Springfield, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

A Greene County jury found appellant Mark Dewayne Shanz (movant) guilty of one count of manslaughter, § 565.005, RSMo Cum.Supp.1982, and two counts of assault in the second degree, § 565.060, RSMo Cum.Supp.1983. Consequently,

movant was ordered to serve consecutive sentences of ten years for manslaughter and five years on each count of assault. The conviction was affirmed on appeal. *State v. Shanz,* 716 S.W.2d 472 (Mo.App. 1986).

On June 23, 1987, movant filed a pro se motion under Rule 27.26.[1] Counsel was appointed to represent movant. After a hearing on a "Motion to Dismiss Without Evidentiary Hearing," the court sustained the motion to dismiss but granted movant approximately forty days to amend. No amendment was made. Thereafter, findings of fact and conclusions of law were filed, the result of which was a dismissal of the proceeding.

Movant complains of a single error on appeal. According to the Rule 27.26 motion, defense counsel in the underlying case (hereafter "defense counsel") was ineffective because he "failed to timely move to suppress" a firearm (Exhibit 25) admitted in evidence at trial. Movant makes no complaint in his Rule 27.26 motion, or on appeal, that his counsel was ineffective for having failed to *timely object* to the admission of evidence relating to Exhibit 25. Movant contends the court below erred in finding that because movant would not have been entitled to relief had defense counsel filed a motion to suppress Exhibit 25 prior to trial, that aspect of his motion was insufficient to warrant an evidentiary hearing.

To be entitled to an evidentiary hearing on a claim of ineffective assistance of counsel, a prisoner must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice. *Frazier v. State,* 738 S.W.2d 131, 133 (Mo.App. 1987).

The first reason movant is not entitled to an evidentiary hearing is his failure to allege a fact essential to his right to relief. The pleading before the court fails to articulate any facts explaining why Ex-

hibit 25 may have been the proper subject of a motion to suppress had defense counsel filed such a motion. Essential to movant's right to relief under his Rule 27.26 pleading is a factual allegation showing that a timely motion to suppress Exhibit 25 would have been valid.

The second reason movant's motion is insufficient is that the record refutes any contention that he would have been entitled to relief if a timely motion to suppress was filed. A motion to suppress is the vehicle by which an accused person who claims to be aggrieved by an unlawful search and seizure may challenge the propriety of the search and seizure. § 542.296, RSMo 1986. Assuming that movant had alleged that the seizure of Exhibit 25 was in violation of his constitutional or statutory rights and that defense counsel erroneously failed to timely file a motion to suppress, these allegations are directly refuted by a determination on appeal from the underlying conviction. In the direct appeal opinion, this court observed that Exhibit 25 was seized pursuant to a search warrant and specifically found no fault with the seizure of that exhibit. *State v. Shanz, supra,* at 478.

The finding that "movant would never be entitled to relief" on the motion to suppress the exhibit was not erroneous. Neither is there error in the conclusion that the Rule 27.26 motion fails to present sufficient grounds to warrant an evidentiary hearing. The dismissal without evidentiary hearing is affirmed.

CROW, P.J., and GREENE, J., concur.

---

1. Missouri Rules of Criminal Procedure (18th ed. 1987). Because this proceeding was pending prior to January 1, 1988, it continues to be governed under the provisions of Rule 27.26. See Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).