The motion court found that Dr. Smith's expertise would not have assisted in the defense, that sufficient evidence was presented from which a jury could have found a lack of deliberation and convicted Appellant of second degree murder, and that rejection of the lesser conviction did not establish that counsel was ineffective. This Court agrees.

Trial counsel satisfied its duty of investigation, employing four separate experts to examine the various aspects of Appellant's mental and social development. Where trial counsel has, as here, made reasonable efforts to investigate the mental status of defendant and has concluded that there is no basis in pursuing a particular line of defense, counsel should not be held ineffective for not shopping for another expert to testify in a particular way.[31] Counsel's investigation in this case is in no way comparable to facts in *Wiggins* where it was held that defense counsel's decision to deny guilt as opposed to introducing mitigating evidence was unreasonable because counsel had essentially "abandoned their investigation of petitioner's background after having acquired only a rudimentary knowledge of his history from a narrow set of sources." [32]

Appellant also finds fault with defense counsel's decision not to present the testimony of Dr. Draper regarding his abusive childhood during the penalty phase of the trial. Defense counsel elected to put four members of Appellant's family on the stand during penalty phase. Defense counsel testified at hearing that the deci-

sion was made to emphasize the testimony of Appellant's mother, a person experiencing Appellant's abuse first-hand with him, and it was believed that Dr. Draper's testimony may have conflicted with and possibly discredited her testimony. It was a reasonable decision not to admit contradictory testimony, and, as already noted, the decision to pursue one evidentiary course to the exclusion of another as an informed strategic decision is not ineffective assistance.

## VI.

The judgment is affirmed.

WOLFF, BENTON, LAURA DENVIR STITH, PRICE and LIMBAUGH, JJ., and RAHMEYER, Sp.J., concur.

TEITELMAN, J., not participating.

**STATE ex rel. Anthony ASHFORD, Petitioner,**

**v.**

---

*Boyko v. Parke,* 259 F.3d 781, 784 (7th Cir. 2001); *Seidel v. Merkle,* 146 F.3d 750, 756 (9th Cir.1998). All of these cases are distinguishable from the present case in terms of the lower level of investigation conducted by defense counsel.

**31.** *State v. Mease,* 842 S.W.2d 98, 114 (Mo. banc 1992); *State v. Taylor,* 929 S.W.2d 209, 225 (Mo. banc 1996); *State v. Kenley,* 952

S.W.2d 250, 268 (Mo. banc 1997); *Lyons v. State* 39 S.W.3d 32, 41 (Mo. banc 2001).

**32.** *Wiggins,* 123 S.Ct. at 2536–2539. Defense counsel in *Wiggins* relied on limited IQ testing, a pre-sentencing investigation, and a Department of Social Services Record completely missing significant events in the defendant's life history. There was also evidence of counsel's inattention to performing

Larry ROWLEY, Superintendent,[1]
Respondent,

and

Circuit Court of Cole County,
Respondent.

No. SC 85171.

Supreme Court of Missouri,
En Banc.

Nov. 4, 2003.

Rehearing Denied Dec. 23, 2003.

PER CURIAM.

The Cole County Circuit Court entered judgments that Anthony Ashford pay the crime victim's compensation fund $26 and $68 for crimes occurring on March 12, 1981. The statute creating the crime victim's compensation fund, section 595.045, RSMo Supp.1981, cannot be applied to crimes occurring before October 1, 1981—its effective date. *Herron v. State,* 728 S.W.2d 569, 572 (Mo.App.1987); *Wright v. State,* 677 S.W.2d 425, 425–26 (Mo.App. 1984); *State v. Davis,* 645 S.W.2d 160, 162–63 (Mo.App.1982).

The Cole County judgments exceed those allowed by law. The Cole County Circuit Court is added as a party. *State ex rel. Breckenridge v. Sweeney,* 920 S.W.2d 901, 904 (Mo. banc 1996). A peremptory writ is issued for that court to correct its sentences. This Court's previously issued alternative writ is quashed. Ashford's other claims for relief are rejected.

Mark Daniel SILVERTHORN,
Appellant,

v.

STATE of Missouri, Respondent.

No. WD 61303.

Missouri Court of Appeals,
Western District.

Sept. 2, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 28, 2003.

Application for Transfer Denied
Dec. 23, 2003.

Charles M. Rogers, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

Before ULRICH, P.J., and HOWARD and NEWTON, JJ.

### Order

PER CURIAM.

Mark Daniel Silverthorn (Appellant) appeals from the judgment denying his Rule 29.15 motion for post-conviction relief. He brings three points on appeal: First, he alleges that his counsel was ineffective for failing to raise, litigate and appeal an alleged double jeopardy violation. Second, he alleges that his counsel was ineffective for failing to object to a particular count in the information that charged a different offense than that charged in the complaint,

---

a complete investigation as opposed to making reasonable strategic decisions. *Id.*

1. This action was originally brought against Linda Sachse, as acting superintendent. Larry Rowley has become superintendent and is substituted under Rule 52.13(d).