STATE of Missouri,
Plaintiff-Respondent,

v.

Andrew S. KALNA, Jr.,
Defendant-Appellant.

No. 40965.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 15, 1980.

Application to Transfer Denied
April 8, 1980.

Richard M. Stout, Chesterfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for plaintiff-respondent.

CRIST, Judge.

Defendant received a jury conviction for common assault under § 559.220 RSMo.1969 and was fined $100.00. The jury found that defendant, a police officer, had made improper advances to a female victim in his custody by touching her. We affirm.

Defendant complains that the trial court impermissibly restricted his cross-examination of the victim by not allowing him to question her regarding the pendency of certain, unrelated felony charges against her; her incarceration in the St. Louis County Jail; the amount of her bond; her telephone call to the prosecutor immediately after she was booked; and, the details of her personal relationship with her onetime boyfriend whom she accompanied when taken into defendant's custody.

█ Generally speaking, a trial court has broad discretion in determining the latitude and extent of cross-examination for purposes of impeachment. *State v. Johnson*, 549 S.W.2d 348, 351 (Mo.App.1977). A trial court's determination in this regard will be set aside on appellate review only where it is affirmatively shown that the exercise of its discretion was abused. *State v. Johnson*, supra. It has been long recognized that the credibility of a witness may not be attacked by evidence of an arrest, investigation or criminal charge which did not result in her conviction. *State v. Sanders*, 360 S.W.2d 722, 725 (Mo.1962). Nor is it a permissible cross-examination technique to so associate the witness with an immoral environment so as to infer to the jury that she is a bad person, or to harass, annoy and humiliate her. See *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931).

█ Keeping the above principles in mind, it is apparent that any error must stem from the trial court's refusal to permit evidence of the victim/witness' relationship with her boyfriend; not from the other alleged errors. We immediately turn ourselves to such consideration.

The trial court granted the state's motion in limine insofar as it would not permit inquiry into the victim/witness' sexual proclivities or misconduct save as they related to the incident involving defendant. Thus, defendant was disallowed to ask whether the victim/witness was the unwed mother of her boyfriend's child and, also, about a St. Charles County crime in which her boyfriend was implicated.

However, the victim did testify as to the length of her relationship with her boyfriend and that said relationship had ceased; that her testimony was not the result of an attempt to protect her boyfriend; and that she was not improperly motivated to testify. As there is no indication from the record that the victim/witness deliberately falsified her testimony in an attempt to protect her boyfriend, we hold that the trial court did not abuse its discretion by restricting the cross-examination in the manner described above.

█ Defendant lastly complains that women were impermissibly excluded from his jury and cites *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), as supportive of his position. We recognize that the trial court took specific notice of the fact that women were allowed to exclude themselves from his jury without cause, but note that defendant offered no other evidence addressed to this issue. By reason of defendant's failure to prove: (1) that women were under-represented on venires in St. Louis County in general; (2) that women were under-represented on his venire, in particular; and, (3) that said under-representation was due to a systematic exclusion of women from venires within St. Louis County, we must rule this point against him. *Duren v. Missouri*, supra.

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.