**STATE of Missouri, Respondent,**

v.

**Britt G. RADFORD, Appellant.**

**No. WD 32842.**

Missouri Court of Appeals,
Western District.

Dec. 7, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Feb. 1, 1983.

Robert M. Paskal, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Britt Radford was found guilty by a jury of assault in the first degree under § 565.-050 RSMo.1978. The court assessed punishment at ten years imprisonment in accordance with the jury's verdict. The court directed the sentence to run consecutive to prior sentences pronounced in the City of St. Louis and in St. Louis County. The only point on appeal is that the court erred in refusing to allow Britt to testify that he had been stabbed in prison about two years prior to the assault for which he was being tried. Affirmed.

A full statement of the facts appears in the companion case of *State v. Brian Keith Radford*, 646 S.W.2d 364 (Mo.App.1982), which has been decided concurrently with this case. Britt has admitted that he stabbed inmate Kenner, but contends that he acted in self-defense. The evidence showed that Kenner had been stabbed four times in the chest and arm.

Britt testified that he had been threatened by inmates while he was in solitary confinement, and that when he was released from solitary he and his brother, Brian, were surrounded by a large number of inmates. Brian testified that while they were able to separate themselves from a large number of the inmates, they were surrounded by a smaller number which included Shawn Kenner. Britt stated that when he saw Kenner reach in his pants, he stabbed him because he feared that Kenner was drawing a weapon.

Britt's counsel asked him on direct examination if he had been stabbed while he was a prison inmate two years prior to the occurrence in question. The court sustained the State's objection. Britt was allowed to fully develop evidence of self-defense and the court gave an instruction covering that defense. In addition, Britt's brother Brian testified that Britt had been stabbed about two years before while he was in prison. In light of the remoteness in time of Britt's assault and the fact that there is no evidence that Kenner was involved in the assault, it would indeed seem that Britt's testimony on this subject was not relevant.

 It is, however, unnecessary for this court to judge the relevancy of this testimony, since it is merely cumulative evidence. As stated above, Brian had previously testified regarding Britt's assault. Britt's testimony on the subject would only have repeated evidence already before the jury, rather than have contributed to it. The trial judge has discretion over the admission of cumulative evidence, and this exercise of discretion will not be disturbed on review unless an abuse of discretion is clearly shown. *State v. Smith*, 588 S.W.2d 139, 143[6] (Mo.App.1979). The trial court in this case did not abuse its discretion in excluding Britt's testimony regarding his assault.

The judgment is affirmed.

All concur.