**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kevin COLE, Defendant–Appellant.**

No. 52859.

Missouri Court of Appeals, Eastern District, Division Four.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1988.

Application to Transfer Denied July 26, 1988.

Frank A. Anzalone, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Kevin Cole, was charged with murder in the second degree and unlawful use of a weapon. He was convicted, after a jury trial, of voluntary manslaughter and unlawful use of a weapon. He was sentenced as a prior offender to consecutive terms of imprisonment of fifteen years and five years respectively. This appeal ensues. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence was that defendant engaged in separate altercations over the telephone with his brothers, Daniel Cole and Richard Cole, who were both at Daniel's house. Shortly thereafter, defendant arrived at Daniel's house and pounded on the front door. Daniel answered the door and immediately started a physical fight with defendant on the front porch. Daniel dragged defendant by the hair down the front steps and onto the front sidewalk. They continued fighting. Richard approached defendant from behind and grabbed him, holding a letter opener to his neck. Defendant then reached into his coat pocket and pulled out a gun. Turning around, he fired a shot at Richard. The bullet struck Richard in the head. Richard died a short time later as a result of the wound.

Defendant testified at trial. His defense was that the shooting was accidental.

■ In his first point, defendant contends that the substitute information in lieu of indictment was defective because "the purported information failed to state the basic charges in addition to the prior offender allegation."

An indictment or information provides written notice to a defendant of the accusation of a crime. Here, the prosecutor filed an information in lieu of indictment for the sole purpose of bringing defendant under the prior offender act, Section 558.016, RSMo (1986). The information pleaded that defendant was a prior offender and stated, "The State hereby incorporates by reference all counts, charges, endorsements, allegations and writings contained in the information/indictment heretofore filed in this cause, copy of which is attached...." An unsigned copy of the original indictment was attached to the information.

Defendant argues that the information was defective and therefore the original indictment remained in effect. Since the original indictment did not charge defendant as a prior offender, he claims it was error for the trial court to refuse to submit the issue of punishment to the jury.

Defendant relies primarily on *State v. Sanders*, 714 S.W.2d 578 (Mo.App.1986) to support his claim of error. In *Sanders*, the prosecutor filed an information in lieu of indictment which pleaded that defendant was a prior offender and purported to incorporate by reference the charges set out in the indictment. This court held that the information was a nullity for failure to set forth the basic charge as required by Rule 23.01(b)(2) and MACH–CR 2.30. *Sanders*, 714 S.W.2d at 586.

The *Sanders* case, however, is not dispositive. In contrast to the prosecutor in *Sanders*, the prosecutor in the present case attached a copy of the indictment to the information. The prosecutor thus fulfilled both requirements of Rule 23.01(g); namely, that "[a] copy of a document may be attached to *and* incorporated in, an indictment or information, by reference." (emphasis added). In addition, the language contained in the copy of the indictment became a part of the information when it was attached thereto. That language stated "plainly, concisely, and definitely the essential facts constituting the offense charged...." Rule 23.01(b)(2). The State fully complied with the provisions of Rule 23.01. We therefore hold that the information effectively superseded the indictment. Defendant's first point is denied.

■ In his second point, defendant alleges that the trial court erred in failing to instruct the jury on involuntary manslaughter. Defendant claims, without citation to case authority, that there is an affirmative duty on the part of the trial court to give, *sua sponte*, a lesser included offense instruction. Defendant focuses on

the following language in MAI–CR 3d 313.-00.4(C): "MAI–CR 3d 313.10 on involuntary manslaughter will be given (a) if justified by the evidence and (b) if requested by one of the parties *or on the court's own motion.*" (emphasis added).

Because defendant did not raise this point at trial or in his motion for new trial, it is not preserved for appellate review. We therefore review for plain error. Rule 30.20.

Assuming *arguendo* that the involuntary manslaughter instruction was justified by the evidence, we focus on whether the instruction should have been given because it was "requested by one of the parties or on the court's own motion."

The automatic submission of manslaughter is no longer required in homicide prosecutions. Section 565.025(3), RSMo (1986); *see also State v. Merritt,* 734 S.W.2d 926, 932 (Mo.App.1987). "Instructions on lesser included offenses and lesser degree offenses require a written request by one of the parties." MAI–CR 3d 304.11G; *see also* Section 565.025(3). Here, defendant did not request an instruction on involuntary manslaughter.

Moreover, a decision not to request a lesser-offense instruction is made frequently by defense counsel. *State v. Olson,* 636 S.W.2d 318, 322 (Mo. banc 1982). "It is a tactical decision usually based on the belief—often a reasonable one—that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on the higher offense if the lesser is not submitted." *Id.*

Defendant's argument that the court should have given the instruction *sua sponte* is also without merit. The phrase "on the court's own motion" in MAI–CR 3d 313.00.4(C) does not place an affirmative duty on the trial court to give an involuntary manslaughter instruction. The phrase merely absolves the trial court from any error, should it determine that the evidence justifies the instruction and decide to give the instruction on its own. There was no error, plain or otherwise, in failing to instruct on involuntary manslaughter. Defendant's second point is denied.

■ In his third point, defendant alleges: The trial court erred in overruling [defendant's] objection to the assistant circuit attorney's closing argument that no witnesses were presented to corroborate [defendant's] testimony that his wife had not warned him against carrying a weapon to the scene of the altercation for the reason that only Dawn Miller Cole could have provided such corroboration, and the circuit attorney's remarks were thus a direct comment on the failure of [defendant's] wife to testify....[1] (footnote added).

Defendant's wife was called as a State's witness but invoked her right not to testify under Section 546.260, RSMo (1986). During closing argument, the prosecutor made the following remarks:

He says that he kept—that he let Ricky stay there rent free for two months. All we have is his word for that. He says this letter opener was jabbing him in the head. We don't have any medical record—we don't have anything to indicate that his head in any way or the back of his head in any way was injured at all, not a scratch; nothing but his own say so. *He says that his fiancee didn't tell him not to take the gun.*

(emphasis added). Defendant objected to this closing argument on the basis that the purpose of the prosecutor's remark was to call the jurors' attention to the failure of defendant's wife to testify.

We do not agree with defendant's characterization of the prosecutor's statement as a comment on defendant's wife's failure to testify. The comment in question merely attacked defendant's credibility or veracity. It did not attack wife's failure to corroborate defendant's statement that his wife

**1.** Section 546.270, RSMo (1986) provides:
If the accused shall not avail himself or herself of his or her right to testify, or of the testimony of the wife or husband, on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place.

(then his fiancee) did not tell him not to take the gun to Daniel's house.[2] Defendant's third point is denied.

The judgment is affirmed.

SIMON, P.J., and GRIMM, J., concur.

---

**2.** The prosecutor did make a comment about the lack of corroboration of defendant's statement that his wife told him to call Daniel. That point, however, is not raised and is not before us on appeal.