**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Janice HALL, Defendant–Appellant.**

**No. 56548.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 15, 1990.

Raymond Howard, Jr., Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

Appellant, Janice Hall, was convicted by a jury of murder in the second degree, § 565.021, RSMo 1986, and was sentenced to ten years imprisonment. We affirm.

Viewed in the light most favorable to the verdict, the evidence was that on May 4, 1988, appellant visited the home of Larry Hall. After appellant arrived, Larry Hall received a telephone call, and shortly thereafter, appellant and Larry Hall left the house together. Upon exiting his home, Larry Hall walked into an alley and appellant followed him into the alley in her car. Subsequently, several witnesses heard one gunshot fired. Larry Hall had been shot in the back and died at the scene. Appellant took the stand in her own defense. She admitted to shooting the victim, but claimed she was acting in self-defense for the reason that Larry Hall had shot at her first. The jury convicted appellant of murder in the second degree and she was sentenced to ten years imprisonment. This appeal follows.

Appellant's first point is that the trial court erred in failing to instruct the jury on the lesser included offense of voluntary manslaughter. Although appellant did not request such an instruction, she claims that plain error review is required to avoid manifest injustice.

Assuming arguendo that a voluntary manslaughter instruction was justified by the evidence, we shall focus on whether there was plain error by the trial court in not giving such an instruction. Rule 30.20.

■ The automatic submission of manslaughter is no longer required in homicide prosecutions. § 565.025(3), RSMo 1986; *State v. Cole,* 753 S.W.2d 39, 41 (Mo.App. 1988). Section 565.025(3), RSMo 1986, provides that "[n]o instruction on a lesser included offense shall be submitted unless requested by one of the parties or the court." The phrase "on the court's own motion" does not place an affirmative duty on the trial court to give a manslaughter instruction. *State v. Cole,* 753 S.W.2d at 41. Neither party in this case requested a lesser-offense instruction. Therefore, there was no plain error in failing to instruct the jury on the lesser included offense of voluntary manslaughter. Appellant's first point is denied.

■ Appellant's second point is that the trial court erred in denying appellant's motion for judgment of acquittal at the close of all the evidence for the reason that the State failed to prove beyond a reasonable doubt that appellant did not act in self-defense.

It is well established that "where the evidence is conflicting or of such a character that different inferences might reasonably be drawn therefrom, it is generally a question of fact for the jury to determine whether the accused acted in self-defense." *State v. Chambers,* 671 S.W.2d 781, 782 (Mo. banc 1984).

The record on appeal indicates that there were several witnesses who testified that they heard only one gunshot fired. Furthermore, the record indicates that the doctor who performed the autopsy on Larry Hall and the criminalist who examined Larry Hall's shirt both testified that Larry Hall was shot in the back. Thus, the State had substantial and credible evidence that was inconsistent with appellant's self-defense claim. Sufficient conflicting evidence existed to support submission of the case to the jury. Appellant's second point is denied.

Judgment affirmed.

SIMON, C.J. and JOSEPH J. SIMEONE, Senior Judge, concur.