STATE of Missouri,
Plaintiff/Respondent,

v.

Eric GAINES, Defendant/Appellant.

Eric GAINES, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 57133, 58375.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 23, 1991.

Lew A. Kollias, Judith LaRose, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction and sentence for second degree murder, § 565.021, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. The trial court, following the jury's recommendation, sentenced him to fifteen years for second degree murder and five years for armed criminal action with sentences to be served consecutively. After sentencing, defendant filed a Rule 29.15 motion which the trial court denied after an evidentiary hearing. Pursuant to Rule 29.15(1) these appeals have been consolidated for review.[1] We affirm.

Defendant's principal contention of error is that the evidence was insufficient to prove that he had the requisite culpable mental state for a conviction of second degree murder. To determine the sufficiency of the evidence this court will accept as true all the evidence tending to support the jury's verdict, together with all inferences which can be reasonably drawn, and will disregard contrary evidence and inferences. *State v. Gannaway*, 649 S.W.2d 235, 238 (Mo.App.1983). Viewed in this light the evidence supports the following account of events. At trial, State's witnesses testified to hostility between defendant and victim and between victim and Turner. Defendant, in his conversations with police, admitted that he and the victim had disliked each other and that conflict between them had arisen because they had both been dating the same girl. Recent

1. Defendant has not briefed the allegations of error contained in his Rule 29.15 motion. We thus consider them to have been abandoned. Rule 84.13(a).

altercations included a fist fight between victim and defendant two weeks before, during which victim struck defendant, and a melee at the Pizza Hut nine months earlier to which the police had been summoned. Brian Irvin, a friend of the victim, testified that on July 21, 1988, victim and several of his friends were washing their cars at a car wash on Halls Ferry Road. The defendant, driving his mother's car, drove by twice. Shortly thereafter defendant returned to the car wash with Carl Turner. Another witness testified that before Turner and defendant went to the car wash she saw them place a baseball bat into the trunk of the car. Defendant then said to Turner, "Carl, man are you ready?" When defendant pulled into the car wash Carl Turner got out of defendant's vehicle. After a hostile verbal exchange Carl Turner said to victim, "You're going to get yours," and got back into the vehicle driven by defendant. Brian Irvin also testified as to the bad feelings between defendant and victim.

In his statement to police defendant said that after the confrontation at the car wash he drove Turner over to Venice, Illinois, to get a gun and his friends. Turner borrowed the gun and placed it in the waistband of his trousers. Defendant then drove Turner and his two friends back to Missouri and switched to Turner's vehicle because defendant's mother needed her car to go to work. In addition, defendant said that he, Turner and the two men from Illinois had gone to the Pizza Hut that night so that defendant could go "one on one" with the victim.

At approximately 10:00 p.m., defendant, Carl Turner and the two other men arrived at the Pizza Hut where they expected to find the victim. They parked across the street and defendant and Turner walked into the restaurant where they began arguing with the victim. Either defendant or Turner said to victim, "Come outside. I've got something for you." The three walked out into the restaurant parking lot where Turner pulled out the gun. When he saw the gun the victim turned and ran back towards the restaurant. Witnesses testified about what occurred next. At the time of the shooting Turner and defendant were standing close to each other. Turner shot the victim in the back as he attempted to flee. Defendant and Turner fled the scene. The victim died as a result of this assault. Defendant was charged as an accomplice with first degree murder.

Defendant presented no evidence. The jury convicted him of the lesser included offense of murder in the second degree and of armed criminal action.

In reviewing the evidence as it relates to the submissibility of defendant's case on accomplice liability, we are guided by the following principles:

> All persons who participate in the commission of an offense are principals and the act of one is the act of all; all persons who act together with a common intent and purpose are equally responsible therefor, and a person who aids and abets the commission of a criminal offense is guilty as a principal. Evidence sufficient to justify the jury in finding that the defendant did in any way aid, abet or encourage another in the commission of an offense is sufficient to support a conviction. Furthermore, while evidence that an accused had an opportunity to commit an offense which merely raises a suspicion is insufficient to sustain a conviction, yet any evidence showing any form of affirmative participation is sufficient. Proof of conduct before, during or after the offense are circumstances from which participation in the offense may be inferred. (citations omitted). *State v. Cannon*, 744 S.W.2d 820, 824 (Mo.App. 1987).

█ The evidence need not show that defendant personally committed every element of the crime. "Among other things, indicia of aiding and abetting [include] presence at the scene of the crime, flight therefrom and association with others involved before, during and after commission of the crime." *State v. Gonzalez–Gongora*, 673 S.W.2d 811, 813 (Mo.App.1984).

█ It was the defendant who had a longstanding feud with the victim. It was the defendant who saw the victim at the car wash and sought out Turner to go back to the car wash. It was defendant who

**680**

drove his vehicle to the car wash and to Illinois to get the gun and his reinforcements. With the gun in the possession of his friend the two went to the victim's location and challenged him to come outside. It was the defendant standing side by side with Turner when the victim was shot in the back. This evidence shows much more than mere presence at the scene and flight. The circumstances here are somewhat similar to those in *State v. Simpson*, 778 S.W.2d 705 (Mo.App.1989), where we found that the evidence supported a verdict of second degree murder.

Defendant's additional points on appeal allege instructional error and ask us to consider them under the plain error rule because they were not preserved. We find no manifest injustice as to any of these allegations of error.

Among these is included the assertion that defendant was prejudiced by the failure of the instruction to define "serious physical injury" as required by MAI–CR 3d, 314.04, Note 7. It seems incredible to us that defendant could be prejudiced by this omission when the evidence shows that the victim suffered a fatal gunshot injury.

Judgment affirmed.

STEPHAN and CRANE, JJ., concur.