**STATE of Missouri, Respondent,**

v.

**David M. ROBINSON, Appellant.**

**No. WD 57460.**

Missouri Court of Appeals,
Western District.

March 6, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2001.

Application for Transfer Denied
June 26, 2001.

John M. Schilmoeller, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., ULRICH, J. and HOWARD, J.

ULRICH, Judge.

David Robinson appeals his convictions following jury trial for one count of assault in the second degree, § 565.060, RSMo 1994, one count armed criminal action, § 571.015, RSMo 1994, and sentence to concurrent terms of three years of imprisonment and six years imprisonment, respectively. He claims that the trial court plainly erred in failing to submit to the jury, *sua sponte*, an instruction on the lesser included offense of assault in the third degree, because the evidence presented at trial provided a basis for an acquittal of second degree assault and for a conviction of third degree assault. The judgment of convictions is affirmed.

## Facts

On September 28, 1997, Robert Fletcher was visiting the home of James Bowden, with his cousin, Clifford Gatson, and some friends, Jamal and Frank Lewis. Mr. Fletcher was sitting on his car outside Mr. Bowden's home listening to the radio when he saw Marlene Gatson, another cousin of his and former girlfriend of Jamal Lewis, and a female friend driving down the street in a blue Honda. Mr. Robinson, Ms. Gatson's boyfriend at the time, and another man were following close behind the blue Honda in a brown Malibu. Both cars stopped near Mr. Bowden's home. Mr. Robinson got out of his car holding a gun in his hand. After seeing the gun, Mr. Fletcher, Mr. Gatson, and the others ran inside Mr. Bowden's home to take cover. While they were in the home, Mr. Fletcher heard the two cars drive away, and he and his friends went back outside.

Shortly thereafter, Mr. Fletcher and his friends went across the street to the home of Curtis Green. They were all gathered around the doorway of Mr. Green's home when Ms. Gatson returned in the blue Honda, in which Mr. Robinson had become a passenger. After stopping in front of the house, Ms. Gatson rolled down her window and asked where Jamal Lewis was and then began shouting toward the house. At this point, Mr. Robinson got out of the car, pulled out a gun, leaned over the hood of the car and pointed the gun toward the house.

After seeing the gun, Frank Lewis slammed the door. Several shots were fired. Mr. Fletcher and the others attempted to retreat towards the back of the house, but as Mr. Fletcher turned to run a bullet struck him in the back. The bullet that hit Mr. Fletcher penetrated his left shoulder. The wound resulted in a scar on Mr. Fletcher's shoulder, and the bullet still remains in his back.

Mr. Robinson was charged by information on March 6, 1998, with one count of assault in the second degree and one count of armed criminal action. The cause was

tried before a jury on February 10, 1999, and the jury found Mr. Robinson guilty of second degree assault and armed criminal action as charged. Mr. Robinson was sentenced to a term of three years imprisonment on the count of second degree assault and a concurrent term of six years imprisonment on the count of armed criminal action. This appeal followed.

## Point on Appeal

In his sole point on appeal, Mr. Robinson claims that the trial court plainly erred in failing to submit to the jury, *sua sponte,* an instruction on the lesser included offense of assault in the third degree. He contends that the evidence presented at trial provided a basis for an acquittal of second degree assault and for a conviction of third degree assault, thereby necessitating the submission of an instruction on the lesser included offense of assault in the third degree.

■ Mr. Robinson concedes that he did not preserve the issue raised herein for appellate review and asks for plain error review under Rule 30.20. Ordinarily, failure to preserve an issue at the trial court waives the issue, and it is not reviewable on appeal. Rule 29 .11. The exception to this rule in a criminal case is articulated in Rule 30.20, which provides, in pertinent part, that "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review." *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983).

■ Not all prejudicial error can be deemed plain error. Plain errors are those that are "evident, obvious and clear."

*State v. Bailey,* 839 S.W.2d 657, 661 (Mo. App. W.D.1992). The determination whether plain error exists must be based on a consideration of the facts and circumstances of each case. *State v. Cline,* 808 S.W.2d 822, 824 (Mo. banc 1991) (citation omitted). Mr. Robinson bears the burden of showing that error that is evident, obvious and clear has occurred, which error resulted in manifest injustice or a miscarriage or justice. *State v. Isa,* 850 S.W.2d 876, 884 (Mo. banc 1993).

■ A trial judge is not obligated to submit an instruction on a lesser included offense unless the defendant expressly requests such an instruction, *State v. Kobel,* 927 S.W.2d 455, 460 (Mo.App. W.D.1996), and a basis exists in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. § 556.046.2, RSMo 1999; *State v. Mease,* 842 S.W.2d 98, 112 (Mo. banc 1992), *cert. denied,* 113 S.Ct. 2363 (1993). Second degree assault requires that a person *"recklessly* cause[ ] physical injury to another person by means of discharge of a firearm." § 565.060.1(5), RSMo 1999 (emphasis added). A person commits the crime of assault in the third degree if "[w]ith *criminal negligence* the person causes physical injury to another person by means of a deadly weapon." § 565.070.1(2), RSMo 1999 (emphasis added). For a jury to acquit Mr. Robinson of second degree assault and find him guilty of assault in the third degree, a basis must exist for the jury to find that Mr. Robinson acted with criminal negligence rather than with recklessness in firing his firearm.

■ Mr. Robinson has failed to establish that an error that is evident, obvious and clear has occurred warranting relief under Rule 30.20. First, numerous cases hold that a trial court will not be convicted of error, plain or otherwise, in failing to

give a lesser include offense instruction, *sua sponte,* where it was not requested by defense counsel. *Kobel,* 927 S.W.2d at 460 (*citing State v. Smith,* 686 S.W.2d 43, 45 (Mo.App. S.D.1985); *State v. Hall,* 789 S.W.2d 526, 527 (Mo.App. E.D.1990); *State v. Cole,* 753 S.W.2d 39, 41 (Mo.App. E.D. 1988)). Mr. Robinson never expressly requested that the jury be instructed on third degree assault, therefore, the trial court will not be convicted of error for failing to submit to the jury, *sua sponte,* the lesser included offense instruction.

Additionally, because there is no basis in the evidence for acquitting Mr. Robinson of second degree assault, the trial court was not obligated to instruct the jury on the lesser included offense. The uncontroverted evidence in the record was that that Mr. Robinson got out of the car, pulled out a handgun, leaned over the hood of the car, pointed the weapon toward the house, and fired multiple shots towards a window and doorway on the front of the house which he knew was full of people. At the very least, Mr. Robinson's conduct was reckless. *See State v. Boston,* 910 S.W.2d 306, 312 (Mo.App. W.D.1995) (where this court found that defendant's conduct in firing several gunshots toward a window of a house which he knew was full of people "transcended mere recklessness"); *State v. Smith,* 747 S.W.2d 678 (Mo.App. S.D.1988) (where court found that "[d]efendant's conduct in shooting several times into the car showed an intent ... [that] went beyond recklessness"). Thus, no basis in the evidence exists to support a verdict acquitting Mr. Robinson of second degree assault. The trial court, therefore, did not error in not submitting to the jury, *sua sponte,* an instruction on the lesser offense of assault in the third degree. Consideration for relief under

Rule 30.20 is not warranted. Mr. Robinson's point is denied.

The judgment of convictions is affirmed.

BRECKENRIDGE, P.J., and HOWARD, J., concur.